## UNITED STATES v. MON KEE LEE et al.
### No. 25227–S.

District Court, N. D. California, S. D.
Oct. 10, 1935.

J. Elmer Barricklo, of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Atty., of San Francisco, Cal.

ST. SURE, District Judge.

Paul H. Norboe petitions for an award of compensation as an informer under section 183, chapter 6, title 21, USCA. The statute, so far as applicable here, provides that: "One-half of any bail forfeited and collected in any proceedings" where any person exports or causes to be exported any narcotic drugs in violation of law, "may be paid to the person or persons giving the information which led to the institution of such proceedings, if so directed by the court exercising jurisdiction in the case."

The undisputed facts show that petitioner is not an officer or employee of the United States; that on or about November 9, 1934, petitioner gave original information to the United States Customs Agent at San Francisco which led to the seizure of two pounds of morphine on the steamship Tatsuta Maru, and the arrest of the above-named defendants; that on November 27, 1934, said defendants were indicted by the federal grand jury, being charged with felony, to wit, violation of the Jones-Miller Act, § 1 as amended by Act June 7, 1924, 21 USCA § 174, and conspiracy to violate said act; that on November 27, 1934, upon the return of the indictments, bail was fixed in the sum of $10,000 for each defendant; that thereafter a bond was furnished by a surety company in behalf of defendant Lim Bok Young, whereupon, the bond being approved, he was released from custody; that on February 19, 1935, defendant Lim Bok Young failed to appear before the court as required by its order so to do, and said bond of $10,000 was declared forfeited; that the other defendants were thereafter convicted and sent to a United States penitentiary; that defendant Lim Bok Young became a fugitive from justice; that thereafter this court entered summary judgment against the surety of Lim Bok Young, defaulting defendant, and the amount of the bond in the sum of $10,000 was collected and deposited in the Treasury of the United States; that thereafter defendant Lim Bok Young was returned to the jurisdiction of this court, pleaded guilty, and was sentenced to prison.

It is admitted that petitioner, unassisted, rendered service to the government which resulted in the arrest and conviction of four Chinese who were caught in the act of smuggling narcotics into the United States in violation of law. It is alleged in the petition, undenied by the government, "that for approximately fifteen (15) years the Federal and State Narcotic authorities have been endeavoring to apprehend and convict the defendant Lim Bok Young who was known to be a leader of a group violating the laws of the United States and the State of California pertaining to narcotics; that the importation of a lot of two pounds of morphine was one of the largest lots of morphine ever seized by the Federal or California Narcotic authorities, in its or their history; that the above mentioned arrest of Lim Bok Young and the seizure of said two pounds of morphine was made possible by the information given to said Federal Narcotic Authorities by your petitioner."

Upon hearing in court, under the undisputed facts and circumstances shown, I am of the opinion that the petitioner is entitled to an award of $2,500, or one-fourth of the amount of the bail forfeited and collected. Petitioner may have an order upon the Treasury of the United States for the sum of $2,500 in payment of his services as an informer.